483 P.2d 1320

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Frank FLORES, Defendant-Appellant.**

**No. 574.**

Court of Appeals of New Mexico.

April 2, 1971.

Wycliffe V. Butler, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Frank N. Chavez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SUTIN, Judge.

Flores was convicted of aggravated burglary. Section 40A–16–4, N.M.S.A.1953 (Repl. Vol. 6). "Aggravated burglary consists of the unauthorized entry of any * * structure * * * with intent to commit any * * * theft therein and the person * * * is armed with a deadly weapon." A switchblade knife is a deadly weapon.

Flores possessed one. Defendant was sentenced to not less than 10 years nor more than 50 years. Defendant appeals.

We reverse.

The issues are: (1) Refusal of the trial court to instruct on the issue of insanity as a defense, and (2) refusal to dismiss for failure of the state to prove exclusive ownership or possession of the building.

1. *Was Flores entitled to an Instruction on Mental Illness?*

Flores testified that he was a long time addict and had to steal to supply his habit. On his behalf, two psychiatrists testified. One was an assistant professor of psychiatry at the University of New Mexico School of Medicine, and he was also Psychiatric Consultant in the NARA Heroin Addiction Program. A month after the burglary, he began to treat Flores with methadone. Flores was one of the highest users in the program, but at the time of the trial he no longer used heroin. In the opinion of the professor, Flores at the time of the burglary would be under an extremely strong compulsion to obtain goods at five hours in advance of that time. Although the psychiatrist did not believe the act of burglary was strictly irresistible, he did believe that Flores would be under an extreme anxiety and have a very urgent need to try to obtain the necessary amount of heroin.

The other psychiatrist did a mental examination of Flores over a month after the burglary. In her opinion, Flores suffered a mental illness at the time of the burglary because heroin addiction is a mental illness; that Flores's coercive acts of entering the premises to obtain money are the product of mental illness, because Flores was incapable of controlling himself; that Flores was not able to distinguish between right and wrong at the time he entered the store; that Flores had an irresistible impulse to take whatever he was

taking at the time of the burglary, as well as an irresistible impulse to do what he was doing.

There is, therefore, expert, medical testimony that a reasonable doubt exists as to Flores's mental illness at the time of the burglary. This testimony was undisputed and adequate upon which to base a defense of insanity. State v. White, 58 N.M. 324, 270 P.2d 727 (1954).

Flores tendered an instruction on the defense of insanity. At the time of trial and on appeal, the record does not show that the state questioned the correctness of the instruction. It simply argued that the evidence did not warrant an instruction on insanity. Since there was evidence to support the defense, Flores was entitled to an instruction on this issue. State v. Akin, 75 N.M. 308, 404 P.2d 134 (1965); State v. Garcia, 79 N.M. 367, 443 P.2d 860 (1968). In refusing to instruct on the defense of insanity, the trial court erred.

The judgment and sentence of Flores is reversed because the trial court did not instruct on the issue of Flores's insanity.

2. *Does the State have to prove Exclusive Ownership or Possession?*

Flores contends that the state failed to prove exclusive ownership or possession necessitated by the term "unauthorized entry." In State v. Ford, 80 N.M. 649, 459 P.2d 353 (1969), this court held that "an allegation or proof of ownership of a building or structure the subject of a burglary charge is unnecessary." We affirm this decision. There was an admission by Flores of an "unauthorized entry." There is no merit to this claim.

It is ordered that the judgment and sentence are reversed, and that Flores be granted a new trial.

SPIESS, C. J., and HENDLEY, J., concur.