490 P.2d 1242

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Egerald A. NELSON, Defendant-Appellant.**
**No. 703.**

Court of Appeals of New Mexico.
Oct. 29, 1971.

Certiorari Denied Nov. 23, 1971.

fense; (2) the state failed to prove "the necessary felonious intent."

It is not disputed that Nelson used a gun to force a gas station attendant to open a cash box, hit the attendant on the head with the gun, took the money, and that the gun discharged prior to defendant's taking the money from the station cash box. The bullet came within three or four inches of the attendant's right ear.

The only arguments raised relate to mental capacity.

(a) Was Nelson Entitled to an Instruction on the Issue of Insanity as a Defense?

Nelson was in the army for three years and one month, two years of which was in Germany. He was away from his family for about two years, was depressed and started taking black pills called "speed" for about three or four days before the robbery was committed. The "speed" pills were amphetamines. This was an experiment to uplift himself. He denied habitual use. On the night of the robbery, Nelson took two amphetamines and some mescaline. He remembers what happened, but he claimed he had no control over what happened.

A psychiatrist examined Nelson in the county jail on two occasions at the request of the trial court to determine Nelson's mental state at the time of the robbery. The examinations were two and three months after the robbery.

From Nelson's description of his mental state, Nelson showed symptoms consistent with amphetamine intoxication and also symptoms of the use of mescaline. This was not diagnostic. There would have to be amphetamines in the urine to corroborate the diagnosis. No such evidence was obtained. The doctor's opinion was based solely on his conversations with Nelson. Nelson did not lose orientation and did not feel confused but he did experience auditory and visual hallucinations and a marked feeling of depersonalization. At the time of the robbery, Nelson had feelings of depersonalization as if he were mechanical-

Walter R. Parr, Crouch & Lenko, Las Cruces, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, C. Emery Cuddy, Jr., Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Nelson was convicted of armed robbery, § 40A–16–2, N.M.S.A.1953 (Repl. Vol. 6). He argues: (1) the trial court should have instructed the jury on insanity as a de-

ly operated. This means Nelson felt as if he were two persons, one that was watching while being in this mental state, one being unable to control the other. He had diminished control of his actions because he was in a state of amphetamine intoxication. He had lost contact with reality. It was not a mental illness, but it closely resembled paranoid schizophrenia. In the doctor's opinion, Nelson was in a state of depersonalization to such a degree that he was unable to know what he was doing exactly; the part of him that was doing the acting did not know right from wrong; the other part of him knew right from wrong and wanted to be stopped from committing the crime. He found no significant degree of insanity or mental illness.

Nelson's evidence shows nothing more than temporary effects of drug "intoxication." The trial court instructed the jury on this issue. Since Nelson did not have a diseased mind, the evidence does not fall within the rules set forth in State v. White, 58 N.M. 324, 270 P.2d 727 (1954); State v. Flores, 82 N.M. 480, 483 P.2d 1320 (Ct.App. 1971); State v. Smith, 80 N.M. 126, 452 P.2d 195 (Ct.App.1969). The evidence is not sufficient upon which to require an instruction on insanity.

 (b) Did the State Fail to Prove the Necessary Felonious Intent?

Nelson contends that the case should have been dismissed because his voluntary drug intoxication had rendered him mentally incapable of forming an intent to steal. "Theft" is an element of the crime of robbery. Section 40A–16–2, supra. It includes the concept of criminal intent. State v. Eckles, 79 N.M. 138, 441 P.2d 36 (1968); State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969). The trial court instructed the jury on the general issue of intent to the effect that if the jury was not convinced beyond a reasonable doubt that Nelson was acting of his own free will, then Nelson did not intend to commit the offense. Voluntary drug intoxication falls in the same classification as voluntary alcohol intoxication. Couch v. State, 375 P.2d 978 (Okla.Cr.1962). When a defendant claims he was so intoxicated as to be unable to form the necessary intent, the question of intent is a matter for the jury. State v. Rayos, 77 N.M. 204, 420 P.2d 314 (1967). The evidence in this case, viewed most favorably on behalf of the state, created an issue of fact for the jury and not a matter of law for the trial court. The jury believed Nelson had the necessary felonious intent. This denies us the right, as a court of review, to grant relief, because we do not sit as a second jury.

The trial court did not err in denying Nelson's motion to dismiss.

We affirm.

It is so ordered.

WOOD, C. J., and COWAN, J., concur.