494 P.2d 979

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Arnold BARNES, Defendant-Appellant.**

**No. 802.**

Court of Appeals of New Mexico.

Feb. 18, 1972.

Certiorari Denied March 7, 1972.

Alan A. Norwood, Roswell, for defendant-appellant.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of sexual assault, defendant appeals. Section 40A–9–9, N.M.S.A.1953 (Repl.Vol. 6). The contentions, and our answers, follow.

1. Three witnesses were too young to testify.

Two boys age 11 and one boy age 10 testified concerning the sexual assault. Defendant claims the boys were too young to testify. Each of the boys was asked as to his understanding that he was to tell the truth. Each replied affirmatively. Each then testified. No objection was made to their testimony. Whether the boys were competent to testify was a matter to be resolved by the trial court in the exercise of its discretion. Their capacity to testify was not to be determined solely on the basis of their age. State v. Manlove, 79 N.M. 189, 441 P.2d 229 (Ct.App. 1968).

2. The testimony of one witness was false.

The mother of two of the boys testified that her sons reported the incident to her; that she went to the scene of the incident with her sons; that the car the boys described was still at the scene; that the boys identified the man in the car as being the person who committed the sexual assault. The mother also testified that defendant "seems to be" the same person, but she couldn't "say definitely." (The boys positively identified defendant).

Defendant claims the mother's testimony was false in that she testified that she did not see the defendant but had signed a

statement saying she had seen defendant passed out in the car. The falsity is in the claim. There is nothing in the record indicating the mother signed any statement. Her testimony, outlined above, is that she did see the defendant; she got a "[p]retty good look."

3. Court appointed counsel did not call defendant's witnesses to the stand.

Defendant testified in his own defense. No other defense witnesses were called. In the brief, counsel states he conferred with defendant concerning the testimony of two potential witnesses and advised defendant that the two potential witnesses would do more harm than good if they testified. "* * * The decision to call or not to call a witness is a matter of trial tactics and strategy within the control of counsel. * * *" Maimona v. State, 82 N.M. 281, 480 P.2d 171 (Ct.App.1971); see State v. Ramirez, 81 N.M. 150, 464 P.2d 569 (Ct.App.1970).

Defendant's contentions being without merit, the judgment and sentence are affirmed.

It is so ordered.

HENDLEY and COWAN, JJ., concur.