523 P.2d 21

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Arthur M. ESTRADA, Defendant-Appellant.**

**No. 1128.**

Court of Appeals of New Mexico.

May 15, 1974.

S. J. Chalekian, Las Cruces, for defendant-appellant.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of two counts of sexual assault contrary to § 40A–9–9, N.M.S.A.1953 (2nd Repl.Vol.1972), one count of aggravated burglary (conviction subsequently vacated) contrary to § 40A–16–4, N.M.S.A.1953 (2nd Repl.Vol.1972) and one count of burglary contrary to § 40A–16–3, N.M.S.A.1953 (2nd Repl.Vol.1972) defendant appeals. He asserts two grounds for reversal, namely: (1) whether there was substantial evidence to support conviction of the four counts because defendant could not form the specific intent to commit the acts; and (2) whether the trial court erred in permitting an eight year old child to testify.

*Intent*

Defendant's basic defense was that he was so intoxicated that he could not form the requisite intent involved in the foregoing offenses. The jury was instructed that they could " . . . consider evidence of voluntary intoxication in determining whether the accused had sufficient mental capacity to, and did in fact, entertain the specific intent involved in the aforementioned offenses."

■ The evidence in the case was conflicting thus creating an issue of fact for the jury. Assuming specific intent is an essential element of the foregoing crimes, the jury chose not to believe defendant's version of the events which transpired. Nor can we say, as a matter of law from the record, defendant was so intoxicated that he could not form the requisite intent. See State v. Tapia, 81 N.M. 274, 466 P.2d 551 (1970); State v. Nelson, 83 N.M. 269, 490 P.2d 1242 (Ct.App.1971).

*Child Witness*

■ The child witness had "[j]ust turned eight." He stated that to tell a lie meant "[t]hat you are not telling the truth." Also that he would "[g]et in trouble" if he told a lie.

Defendant contends the child did not understand the nature and obligation of the oath. We disagree.

Section 20–1–8, N.M.S.A.1953 (Repl. Vol.1970), subsequently repealed by Laws 1973, ch. 223, § 2, permitted the trial court to exercise its discretion as to whether a child has sufficient mental capacity to understand the nature and obligation of an oath. From the record we cannot say as a matter of law that the trial court abused its discretion in permitting the child to testify. State v. Barnes, 83 N.M. 566, 494 P. 2d 979 (Ct.App.1972).

*Supplemental Brief*

Defendant, pro se, filed a supplemental brief without first obtaining leave of the court. In that brief he attacks every aspect of the events from arrest through trial. These aspects were either litigated and found adversely to defendant or do not appear of record. They are without merit and do not warrant further discussion. The record shows defendant had a fair trial.

Affirmed.

It is so ordered.

LOPEZ, J., concurs.

SUTIN, J., concurs in part and dissents in part.

SUTIN, Judge (concurring in part and dissenting in part).

I dissent in part.

There is no evidence that defendant entered the home of the prosecutrix with intent to commit any felony or theft contrary to § 40A–16–3, N.M.S.A.1953 (2nd Repl. Vol. 6). To relate the evidence would be useless. State v. Slade, 78 N.M. 581, 434 P.2d 700 (Ct.App.1967).

I concur in the conviction under § 40A–9–9, N.M.S.A.1953 (2nd Repl.Vol. 6).