**Certiorari Granted, October 12, 2012, No. 33,808**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2012-NMCA-109**

**Filing Date: August 17, 2012**

**Docket No. 30,788**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**ADRIAN NANCO**,

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Court Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Adrianne R. Turner, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**VIGIL, Judge.**

**{1}** A child who is found guilty of being a serious youthful offender is subject to the same sentence as an adult, including the statutory right to receive presentence confinement credit. This case requires us to consider whether a child who is found not guilty of being a serious youthful offender, but adjudicated as a delinquent offender on a lesser-included offense, is likewise entitled to presentence confinement credit against his commitment to

CYFD. We conclude that the applicable statutes intentionally omit and thereby preclude granting such a credit. Because the district court ruling is consistent with our conclusion, we affirm.

## I.    BACKGROUND

**{2}**    The Delinquency Act, NMSA 1978, §§ 32A-2-1 to -33 (1993, as amended through 2005), "establishes three classes of juvenile offenders: serious youthful offenders, youthful offenders, and delinquent offenders . . . [and the classification] determines (1) which rules of procedure apply at trial, and (2) the potential post-adjudication consequences the child will face if the State proves its case." *State v. Jones*, 2010-NMSC-012, ¶ 10, 148 N.M. 1, 229 P.3d 474.

**{3}**    A "serious youthful offender" is "an individual fifteen to eighteen years of age who is charged with and indicted or bound over for trial for first degree murder. A 'serious youthful offender' is not a delinquent child[.]" Section 32A-2-3(H). "Once charged with first-degree murder, a serious youthful offender is no longer a juvenile within the meaning of the Delinquency Act, and therefore is no longer entitled to its protections. As a result, serious youthful offenders are subject to the Rules of Criminal Procedure for the District Courts applicable to adults and are automatically sentenced as adults if convicted." *Jones*, 2010-NMSC-012, ¶ 11 (citation omitted). *See* Rule 10-101(A)(2)(a) NMRA (stating that the Rules of Criminal Procedure for the District Courts govern the procedure in all proceedings in the district court in which the child is alleged to be a serious youthful offender).

**{4}**    A "youthful offender" is a delinquent child subject to adult or juvenile sanctions who is fourteen to eighteen years of age at the time of the offense and who is adjudicated for specified felony offenses (such as second degree murder, assault with intent to commit a violent felony, kidnapping, aggravated battery, shooting at a dwelling or occupied building, criminal sexual penetration, and robbery), who has had three prior, separate felony adjudications within the preceding three years, or who is fourteen years of age and adjudicated for first degree murder. *See* § 32A-2-3(J). A youthful offender may potentially receive either a juvenile or adult sanction, depending on the outcome of certain proceedings. *Jones*, 2010-NMSC-012, ¶¶ 13-14. *See* § 32A-2-20 (setting forth the procedures for imposing an adult sentence or a juvenile disposition upon a child who is alleged to be a youthful offender); Rule 10-213 NMRA (providing that the state may give notice to invoke an adult sentence within ten days after the filing of the petition, and that within fifteen days of the state's notice of intent to seek adult sanctions, the court will hold a preliminary inquiry, unless the case has been presented to a grand jury or the child has waived his right to same).

**{5}**    A "delinquent offender" is a child who commits a crime that is less serious than first degree murder or one of the specified offenses, which qualifies for youthful offender status. *See* § 32A-2-3(C) (stating that a "delinquent offender" means "a delinquent child who is subject to juvenile sanctions only and who is not a youthful offender or a serious youthful

2

offender"). Whether the child committed the crime is decided in the Children's Court under the Children's Court Rules, and if it is determined that the child committed the act (called an "adjudication"), the child receives a "disposition." *See* Rule 10-101(A)(1)(a) (stating that the Children's Court Rules govern procedure in the children's courts of New Mexico in all matters involving children alleged to have committed a delinquent act as defined in the Delinquency Act); § 32A-2-19(B) (stating that if the child is found to be delinquent, the court enters a disposition for the supervision, care, and rehabilitation of the child); *Jones*, 2010-NMSC-012, ¶ 12 (stating that delinquent offenders are subject to the Children's Court Rules and can only receive a juvenile disposition).

**{6}**     Child was arrested on May 14, 2008, based upon suspicion of his involvement with a fatal shooting that had occurred that same day. He was indicted on May 28, 2008, on one count of first degree murder and two counts of tampering with evidence related to the shooting. Because Child was fifteen years old and charged with first degree murder, Child was statutorily classified as a serious youthful offender. Thus, he was tried as an adult in district court, pursuant to the Rules of Criminal Procedure for the District Courts. *See* § 32A-2-3(H). On May 27, 2010, the jury acquitted Child of first degree murder and one of the two tampering with evidence charges, but found him guilty of the lesser-included offense of voluntary manslaughter and the other tampering count. Child was therefore no longer subject to treatment as an adult because voluntary manslaughter and tampering with evidence are not charges which qualify for either serious youthful offender or youthful offender classifications. Accordingly, on June 29, 2010, the district court judge adjudicated Child a delinquent offender, and entered a disposition for Child, transferring Child "to the legal custody of the New Mexico Children Youth and Families Department (CYFD) . . . [to] determine the appropriate placement, supervision and rehabilitation program for [Child] . . . for an indeterminate period not exceeding TWO (2) years."

**{7}**     Child had been detained in a juvenile detention facility for twenty-five months before his adjudication as a delinquent offender and commitment to CYFD custody. Child requested presentence confinement credit for those twenty-five months against his commitment to CYFD. The district court ruled that because Child was adjudicated a delinquent offender and not subject to an adult sentence, he was not entitled to presentence confinement credit. Child appeals.

## II.     ANALYSIS

**{8}**     The Children's Code states that "[a] child subject to the provisions of the Delinquency Act is entitled to the same basic rights as an adult, except as otherwise provided" therein. Section 32A-2-14(A). Therefore, Child argues, he is entitled to have presentence confinement credit applied to his disposition because it is explicitly granted to adults, and the Children's Code does not address presentence confinement credit for delinquent offenders. Secondly, Child argues that he is entitled to presentence confinement credit on his disposition as a delinquent offender because he was initially charged as a serious youthful offender, and serious youthful offenders are entitled to presentence

3

confinement credit under NMSA 1978, Section 31-18-15.3 (1993). Finally, Child argues that not allowing presentence confinement credit denies him due process of the law. We employ a de novo standard of review to these legal questions of statutory construction and constitutional interpretation. *See State v. Lucero*, 2007-NMSC-041, ¶ 8, 142 N.M. 102, 163 P.3d 489. For the reasons that follow, we reject Child's arguments.

## A. Child is Not Entitled to Presentence Confinement Credit Because He Was Adjudicated as a Delinquent Offender

**{9}** Herein, we address Child's first two arguments. NMSA 1978, Section 31-20-12 (1977) states:

> A person held in official confinement on suspicion or charges of the commission of a felony shall, *upon conviction* of that or a lesser included offense, be given credit for the period spent in presentence confinement against any *sentence* finally imposed for that offense.

(Emphasis added.) Contending that no statute explicitly addresses a right to presentence confinement credit by delinquent offenders, Child asserts that he is entitled to presentence confinement credit pursuant to Section 32A-2-14(A).

**{10}** Child also points us to Section 31-18-15.3(B), which provides:

> When an alleged serious youthful offender is detained in a juvenile detention facility prior to trial, the time spent in the juvenile detention facility shall count towards completion of any *sentence imposed*.

(Emphasis added.)

**{11}** The plain language of both Sections 31-20-12 and 31-18-15.3(B), states that presentence confinement credit applies only against a *sentence* that is imposed for an offense. However, a delinquent offender is not "convicted," nor is he "sentenced." He is "adjudicated" a delinquent offender and given a "disposition[] for the supervision, care and rehabilitation of the child." Section 32A-2-19(B). *See* § 32A-2-19(A) (providing that for a delinquent offender, the court enters a "dispositional judgment"); *see also* § 32A-2-3(C) (defining a "delinquent offender" as "a delinquent child who is subject to juvenile sanctions only and who is not a youthful offender or a serious youthful offender"). In *State v. Adam M.*, 2000-NMCA-049, ¶ 8, 129 N.M. 146, 2 P.3d 883, we explained:

> Under the [Children's] Code, when a child is adjudicated a delinquent, the children's court enters a judgment making 'a juvenile disposition.' Indeed, the [Children's] Code uses the word 'sentence' only when referring to an 'adult sentence' which, under the [Children's] Code, may only be imposed upon a youthful offender or a serious youthful offender. . . . The distinct and

4

deliberate use of these terms in the [Children's] Code indicates the Code's intent to treat juvenile offenders differently from adult criminals.

(Citations omitted).

**{12}** We conclude that the distinction made by the Legislature between a sentence on the one hand, and a disposition on the other hand, is both meaningful and intentional. Careful scrutiny of Section 31-18-15.3(B), which must be read in conjunction with Section 31-18-15.3(D) and (F), reinforces our conclusion. Under Subsection (D), if the alleged serious youthful offender is found guilty of first degree murder, as charged, "the court shall *sentence* the offender pursuant to the provisions of the Criminal Sentencing Act." (Emphasis added.) On the other hand, if the alleged serious offender is convicted of a lesser offense than first degree murder, "the court shall provide for *disposition* of the offender pursuant to the provisions of [Section 32A-2-19, providing for the disposition of an adjudicated delinquent offender] or [Section 32A-2-20, providing for disposition of a youthful offender]." Section 31-18-15.3(F). The specific statute granting presentence confinement credit exclusively for serious youthful offenders, who receive a "sentence," coupled with use of the word "sentence" in Section 31-20-12, demonstrates that the Legislature did not intend presentence confinement credit under Section 31-20-12 to apply to juvenile dispositions. *See State v. Martinez*, 1998-NMSC-023, ¶ 9, 126 N.M. 39, 966 P.2d 747 ("[W]e will interpret statutes as a whole and look at other statutes in pari materia in order to determine legislative intent."); *Adam M.*, 2000-NMCA-049, ¶ 5 (stating that in construing the Children's Code, "we examine the [Children's] Code in its entirety and construe each part to achieve a harmonious result" (internal quotation marks and citation omitted)).

**{13}** Child nevertheless asserts that our reasoning in *State v. Lopez*, 2009-NMCA-112, ¶ 7, 147 N.M. 279, 219 P.3d 1288, establishes that a commitment to CYFD is the functional equivalent of a sentence. In *Lopez*, we concluded that the Legislature intended presentence confinement credit be applied against an adult defendant's criminal commitment, pursuant to NMSA 1978, Section 31-9-1.5(D) (1999) (providing that when a defendant remains incompetent to stand trial, and is dangerous, and the court has found by clear and convincing evidence that the defendant committed one of the felonies enumerated, the defendant must be criminally detained in a secure, locked facility and not released except upon order of the court or upon expiration of the period of time equal to the maximum sentence to which the defendant would have been subject had he been convicted). *See Lopez*, 2009-NMCA-112, ¶¶ 9-12. We decline to apply the reasoning of *Lopez* to the case before us, because it involves a different statutory scheme, policy considerations, and language. We therefore conclude that the presentence confinement credit provided for in Sections 31-20-12 and 31-18-15.3(B) applies only to serious youthful offenders *sentenced* as adults, and not to a child adjudicated as a delinquent offender for a lesser-included offense.

**{14}** Our conclusion also finds support in public policy, as expressed by the Legislature. The Legislature has declared that it intends the Delinquency Act to accomplish eleven specific purposes. Section 32A-2-2. The main purpose is:

5

[C]onsistent with the protection of the public interest, to remove from children committing delinquent acts the adult consequences of criminal behavior, but to still hold children committing delinquent acts accountable for their actions to the extent of the child's age, education, mental and physical condition, background and all other relevant factors, and to provide a program of supervision, care and rehabilitation, including rehabilitative restitution by the child to the victims of the child's delinquent act to the extent that the child is reasonably able to do so[.]

*Id.* "Thus, unlike the adult criminal justice system, with its focus on punishment and deterrence, the juvenile justice system reflects a policy favoring the rehabilitation and treatment of children." *Jones*, 2010-NMSC-012, ¶ 35 (internal quotation marks and citation omitted).

**{15}** To achieve the statutory purposes of supervision, care, and rehabilitation, the Delinquency Act intentionally treats children differently from adults. For example, as we have already noted, a child who commits a delinquent act is not "convicted" and "sentenced" like an adult, he or she is "adjudicated" and receives a "disposition." Further, the dispositional judgment:

[S]hall not be deemed a conviction of crime nor shall it impose any civil disabilities ordinarily resulting from conviction of a crime nor shall it operate to disqualify the child in any civil service application or appointment. The juvenile disposition of a child and any evidence given in a hearing in court shall not be admissible as evidence against the child in any case or proceeding in any other tribunal whether before or after reaching the age of majority, except in sentencing proceedings after conviction of a felony and then only for the purpose of a presentence study and report.

Section 32A-2-18(A); *see Jones*, 2010-NMSC-012, ¶ 36 (noting these provisions). This advances the Legislature's "intent to protect children, if at all possible, from the adult consequences of criminal behavior [and] reflect[s] the Legislature's intent to insulate delinquent children from the potentially life-long consequences under the adult criminal justice system that may flow from a bad decision." *Id.* ¶¶ 36-37.

**{16}** Further, juvenile offenders are given the benefit of having a flexible scheme of consequences for their actions, including a fine, restitution, probation, and a maximum two-year initial sentence or until the child is twenty-one in certain circumstances, which can be cut short or extended based on the needs of the child and the public. *See* § 32A-2-23 (setting forth the alternatives and limits for the disposition of a delinquent offender); *Adam M.*, 2000-NMCA-049, ¶ 10 ("[I]f CYFD's rehabilitative effort is incomplete, the [Children's] Code provides a mechanism to continue the child's commitment."). An award of presentence confinement recognizes that a party has already served a portion of his sentence. *See Martinez*, 1998-NMSC-023, ¶ 14 ("Presentence confinement credit represents a court's

6

recognition that a defendant, in fact, has satisfied a portion of the penalty mandated by the Legislature."). However, the same policies do not apply to a child adjudicated as a delinquent and therefore subject to supervision, care, and rehabilitation in the juvenile system.

**{17}**     In addition, contrary to the policies of the Children's Code, awarding presentence confinement credit to a juvenile offender could result in prematurely terminating the ability of an agency entrusted with the child's care from providing for the child's necessary supervision, care, and rehabilitation. This would disrupt the process established by our Legislature to provide for children adjudicated to be delinquent. *See Jones*, 2010-NMSC-012, ¶¶ 25-32 (stating the legislative history of the Children's Code is evidence "of an evolving concern that children be treated as children so long as they can benefit from the treatment and rehabilitation provided for in the Delinquency Act"); *Adam M.*, 2000-NMCA-049, ¶¶ 6-11 (concluding that it would undermine the purpose of the Legislature in enacting the Delinquency Act to impose consecutive commitments against delinquent offenders because of the structure of the Act in providing flexibility in a juvenile's disposition to accomplish the rehabilitative purposes of the Act and remove delinquent offenders from the adult consequences of criminal behavior); *State v. Dennis F.*, 104 N.M. 619, 620-21, 725 P.2d 595, 596-97 (Ct. App. 1986) (decided under former law) (rejecting the child's argument that he should receive credit for time on probation against a disposition imposed because adults have a statutory right to probation credit, because of the absence of a statute granting the credit to juveniles and the resulting inconsistency with the statutory scheme).

**{18}**     In this case, Child was fifteen years old and charged with committing first degree murder and tampering with evidence (two counts). However, the jury determined that Child had committed the delinquent acts of voluntary manslaughter and tampering with evidence (one count). The Delinquency Act therefore directs:

> A child fourteen years of age or older charged with first degree murder, but found to have committed a delinquent act that is neither first degree murder nor a youthful offender offense . . . shall be adjudicated as a delinquent subject to the dispositions set forth in Section 32A-2-19.

Section 32A-2-20(H). That is what occurred in this case. Our statutes providing for the disposition of an adjudicated delinquent offender do not expressly allow predisposition confinement credit, and for the reasons stated herein, we conclude that this omission was intentional on the part of the Legislature, and consistent with the Children's Code. We therefore hold that the district court did not err in denying Child's predisposition confinement credit in its dispositional judgment.

**B.     Due Process Violation**

**{19}**     Child argues that the district court's denial of presentence confinement credit violates his right to due process of law. The State points out that this argument was not preserved

7

in the district court, and Child fails to refute this point in his reply brief or otherwise request this Court to consider it. Accordingly, we decline to address this issue.

## III. CONCLUSION

{20} The dispositional judgment of the district court is affirmed.

{21} **IT IS SO ORDERED.**

                              _____

                              **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**J. MILES HANISEE, Judge**

**Topic Index for *State v. Nanco*, No. 30,788**

**APPEAL AND ERROR**
Preservation of Issues for Appeal
Standard of Review

**CHILDREN**
Children's Court
Children's Court Rules
Transfer to District Court

**CONSTITUTIONAL LAW**
Due Process

**CRIMINAL PROCEDURE**
Credit for Time Served
Sentencing

**STATUTES**
Interpretation
Legislative Intent