2000-NMCA-019

997 P.2d 147

**In the Matter of FRANCESCA L., a Child.**

**No. 20,176.**

Court of Appeals of New Mexico.

Jan. 27, 2000.

Certiorari Granted, No. 26,202, March 16, 2000.

Patricia A. Madrid, Attorney General, Ralph E. Trujillo, Assistant Attorney General, Albuquerque, for Appellant.

Orlando A. Quintana, Clovis, for Appellee.

*OPINION*

WECHSLER, Judge.

{1} The State of New Mexico appeals the district court's grant of Francesca L.'s (the child's) motion to suppress statements made to the police. The State contends that the district court did not properly apply NMSA 1978, § 32A–2–14 (1993) because the State was able to rebut the statutory presumption that the child's statements were inadmissible. We affirm.

## Facts and Procedural Background

{2} The child, who had reached her thirteenth birthday within ninety days before her encounters with police, voluntarily came to the Clovis police station on the night of August 14, 1998. While she was waiting, her mother and stepfather, with permission of the police, went outside to smoke cigarettes. Detective Bo Summers went into the office in which the child had been waiting and began talking to her while her mother and stepfather were outside. Although he testified that the child was not in custody and was free to leave, Detective Summers also testified that the child was being detained so that she could be questioned. He asked the child if she wanted to wait for her parents to return. The child, not wanting to waste time at the station, declined, stating that she wanted to take care of the questioning so that she could go home. Detective Summers described her as "cocky." He read the child her rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The child stated that she understood each item and initialed the form accordingly. She gave a statement, and the session concluded close to midnight. Toward the end of her interview, her parents returned to the room.

{3} During the morning of August 20, 1998, Detectives Loera and Miller came to the child's home. Detective Loera told the child's mother that he had arrest warrants for the child and her sister. The child's mother and stepfather took the child and her sister to the police station later in the morning. The child stayed with her stepfather while her sister went with her mother. The child was not arrested although Detective Loera testified that the child was not free to leave if she did not give a statement. The child was read her rights and initialed the written rights form. Detective Loera described her as being more concerned than she had been during the previous interview. The child's stepfather testified that during the questioning he said that he wanted to consult with an attorney. The child, on the other hand, said "we can talk now."

{4} The children's court found that the detectives were polite and respectful and did not threaten, coerce, or harass the child or her parents, but also found that the circumstances under which the statements were taken at the police station "were strained at best." The court stated that the child was not represented by counsel or supported by her parents and that her stepfather, albeit with some equivocation, indicated the family's desire to secure counsel. The court determined that the admissibility of statements of a thirteen-year-old child required a "heightened scrutiny" of the circumstances and suppressed the statements. The State argues on appeal that the children's court erred by failing to consider all the factors of Section 32A–2–14(E). The State also argues that the children's court erred because it essentially ruled that a thirteen-year-old child can never waive the child's constitutional rights. We do not agree with the State's arguments, and we therefore affirm the suppression of the child's statements.

## Application of Section 32A–2–14

{5} This appeal is governed by Section 32A–2–14. As amended in 1993, this section of the Children's Code provides that a statement made by a child under thirteen years of age concerning the contents of a petition alleging the child's delinquency may not be admitted against the child under any circumstances. *See* § 32A–2–14(F). For children thirteen or fourteen years old, the section creates a rebuttable presumption that a statement made by such a child to a person in a position of authority is inadmissible. *See id.; see generally State v. Jonathan M.,* 109 N.M. 789, 791, 791 P.2d 64, 66 (1990) (interpreting prior version of Section 32A–2–14(F) to protect "[c]hildren of tender years" under age fifteen who "lack the maturity to understand constitutional rights and the force of will to assert those constitutional rights").

{6} Additionally, Section 32A–2–14(D) provides that before a statement is offered into evidence against a child, the State "shall prove that the statement or confession offered in evidence was elicited only after a knowing, intelligent and voluntary waiver of the child's constitutional rights." Before the court may admit a child's statement, the court must consider the eight factors set forth in Section 32A–2–14(E). The eight fac-

tors include considerations relating to the child and the circumstances surrounding the making of the statement. *See* § 32A–2–14(E). Although the statute does not specifically link the rebuttable presumption of inadmissibility of a statement of a thirteen or fourteen-year-old child to the child's knowing, intelligent, and voluntary waiver of the child's constitutional rights, we assume for the purposes of this appeal that the legislature intended the court to consider the factors of Section 32A–2–14(E) when determining whether the statement of a thirteen or fourteen year old may be introduced into evidence against the child. *See State v. Arellano*, 1997–NMCA–074, ¶ 3, 123 N.M. 589, 943 P.2d 1042 ("The fundamental principle of statutory interpretation is that the court must ascertain and give effect to the legislative intent.").

▆▆ {7} Section 32A–2–14, however, does not limit the children's court to the factors contained in Subsection E in its determination concerning the rebuttable presumption of Subsection F. In *State v. Martinez*, 1999–NMSC–018, ¶¶ 16–18, 127 N.M. 207, 979 P.2d 718, our Supreme Court addressed the application of Section 32A–2–14 to the statement of a seventeen-year-old juvenile. The Court rejected the juvenile's argument that the factors in Section 32A–2–14(E) entitled the juvenile to a higher level of protection regarding his statement than that which would be afforded an adult offender under the standard totality of the circumstances test. *See id.* ¶ 18. Instead, the Court concluded that the factors in Subsection E simply emphasize circumstances that are particularly pertinent to juveniles, and that the Children's Code provided a heightened protection only for statements of those under the age of fifteen. *See id.* In reaching its conclusion, the Court specifically contrasted the rebuttable presumption provision of Subsection F with the analysis of Subsection E, which it noted did not provide a heightened protection. *See id.*

{8} On the basis of *Martinez* and our reading of Section 32A–2–14, we cannot agree with the State's approach that declines to give particular attention to the child's age. The State's approach does not afford a thirteen or fourteen year old any more protec-

tion than an adult would receive. The legislature intended that thirteen and fourteen-year-old children be treated differently. *Compare* § 32A–2–14(D) & (E) *with* § 32A–2–14(F). *See also State v. Ogden*, 118 N.M. 234, 242, 880 P.2d 845, 853 (1994) (holding that appellate court will interpret statute to give effect to its plain meaning).

{9} When we read Subsection F as treating thirteen and fourteen-year-old children differently, it is harmonious, rather than in conflict with, Subsection D. *See State v. Mendoza*, 115 N.M. 772, 775, 858 P.2d 860, 863 (Ct.App.1993) ("We are to read legislation as a harmonious whole."). Subsection D, which applies to all children, imposes the burden upon the State to prove that a child's statement offered in a delinquency proceeding against the child was knowingly, intelligently, and voluntarily made. *See* § 32A–2–14(D). Subsection E then explains that the children's court is to determine whether the State met its burden of proof by considering the factors provided. *See* § 32A–2–14(E).

▆▆ {10} The State interprets the rebuttable presumption of Subsection F to also impose upon the State the burden to prove that a child thirteen or fourteen years old has voluntarily waived the child's constitutional rights using the factors set forth in Subsection E. But, if we were to accept this interpretation of Section 32A–2–14, the rebuttable presumption provision of Subsection F would not have independent meaning; it would simply serve the same purpose and function as Subsection D. *See Montoya v. Torres*, 113 N.M. 105, 110, 823 P.2d 905, 910 (1991) (holding that rebuttable presumption creates burden of proof which shifts upon proof to the contrary). We will not assume that the legislature adopted useless language in the statute. *See State ex rel. Bird v. Apodaca*, 91 N.M. 279, 284, 573 P.2d 213, 218 (1977) (noting that courts will not presume legislature enacted useless language).

{11} Contrary to the State's position, the legislature did not use the term "rebuttable presumption" in Subsection F in exclusive reference to the factors of Subsection E. The legislature made a broader reference, stating that the rebuttable presumption relates to admissibility. This broader presumption

precludes the children's court from treating a thirteen or fourteen-year-old child in the same manner as a child over the age of fourteen or an adult. Such treatment would be contrary to the legislative intent. *See Martinez*, 1999–NMSC–018, ¶ 18, 127 N.M. 207, 979 P.2d 718.

{12} To be sure, each of the enumerated factors of Subsection E is relevant to the children's court's determination of admissibility under Subsection F. In the case on appeal, the children's court addressed certain of these factors but gave particular weight to the facts that the child had only recently turned thirteen and was no more mature or intelligent than average. Age is particularly pertinent because Subsection F creates a distinction based upon the age of a child. *See State v. Setser*, 1997–NMSC–004, ¶ 15, 122 N.M. 794, 932 P.2d 484 (stating that Section 32A–2–14(F) creates a constitutional classification based upon age because it is rationally related to the legislature's purpose). Likewise, Subsection F contemplates that the children's court provide heightened protection to children under the age of fifteen specifically because of their age. *See Martinez*, 1999–NMSC–018, ¶ 18, 127 N.M. 207, 979 P.2d 718. The children's court did not err by affording the child this heightened protection.

{13} We are also not persuaded by the State's assertion that the children's court interpreted Section 32A–2–14 in such a manner that a thirteen-year-old child cannot waive the child's constitutional rights. The children's court concerned itself with whether the State had overcome the rebuttable presumption of Subsection F. It not only looked to the age, intelligence, and maturity of the child, but also considered the circumstances under which the statements were given. In particular, the court concluded that the circumstances at the police station "were strained at best," and that the issue raised about the child's stepfather's interest in obtaining counsel was "just one more factor which militates against the State overcoming the presumption." Thus, the children's court's decision does not support the State's argument.

*Conclusion*

{14} For the above stated reasons, we affirm the children's court's grant of the child's motion to suppress.

{15} **IT IS SO ORDERED.**

ARMIJO and SUTIN, JJ., concur.