2003-NMCA-080

70 P.3d 805

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**ADAM J., Child–Appellee.**

**No. 23,139.**

Court of Appeals of New Mexico.

April 29, 2003.

Certiorari Denied, No. 28,995, June 5, 2003.

Patricia A. Madrid, Attorney General, Patricia Gandert, Assistant Attorney General, Santa Fe, NM, for Appellant.

John B. Bigelow, Chief Public Defender, Theresa M. Duncan, Assistant Appellate Defender, Santa Fe, NM, for Appellee.

## OPINION

WECHSLER, Chief Judge.

{1} The opinion filed in this case on February 11, 2003 is hereby withdrawn and the following substituted therefor.

{2} The State's appeal of the children's court's order granting Child's motion to suppress Child's statements provides this Court with an opportunity to elaborate upon our opinion in *In re Francesca L.*, 2000–NMCA–019, 128 N.M. 673, 997 P.2d 147, *cert. quashed*, No. 26,202 (2002), concerning statements or confessions of a thirteen- or fourteen-year-old child to a law enforcement officer. The children's court suppressed Child's statements under NMSA 1978, § 32A–2–14(F) (1993), because the State did not prove that Child, who was thirteen years and six months at the time of the statements, was more intelligent and mature than the average thirteen- or fourteen-year-old. We conclude that the children's court properly applied the rebuttable presumption relating to the statement of a thirteen- or fourteen-year-old under Section 32A–2–14(F) and affirm.

*A Child's Statement to a Law Enforcement Officer Under Section 32A–2–14*

{3} The Children's Code (the Code) provides a child greater protections than those constitutionally afforded adults with regard to the admissibility of a child's statements or confessions. Section 32A–2–14(C)–(G); *State v. Javier M.*, 2001–NMSC–030, ¶ 32, 131 N.M. 1, 33 P.3d 1. Under the Code, a law enforcement officer may not question a child "without first advising the child of the child's constitutional rights and securing a knowing, intelligent and voluntary waiver." Section 32A–2–14(C). The State must prove that any statement or confession to a law enforcement officer introduced at trial was obtained "only after a knowing, intelligent

and voluntary waiver of the child's constitutional rights." Section 32A–2–14(D). To ascertain whether the child properly waived the child's rights, the court must consider specific factors stated in the Code concerning the child and the manner and circumstances under which the statement was obtained. Section 32A–2–14(E). In specifically protecting children under fifteen years of age, the Code entirely prohibits the introduction of a confession, statement, or admission of a child under thirteen years of age concerning the allegations of a delinquency petition against the child. Section 32A–2–14(F). The Code further creates a rebuttable presumption against the admission of "any confessions, statements or admissions made by a child thirteen or fourteen years old to a person in a position of authority," which person would include a law enforcement officer. *Id.*

*In re Francesca L.*

{4} We addressed the interrelationship of Subsections E and F of Section 32A–2–14 in *In re Francesca L.*, 2000–NMCA–019, ¶¶ 5–13, 128 N.M. 673, 997 P.2d 147. In that case, the children's court granted the child's motion to suppress her statement to a law enforcement officer. *Id.* ¶ 4. The child was thirteen years old. *Id.* ¶ 2. The children's court addressed some, but not all, of the Subsection E factors. *Id.* ¶ 4. It suppressed the statements after applying a "heightened scrutiny" of the circumstances surrounding the statement of a thirteen-year-old child. *Id.*

{5} This Court affirmed the suppression of the thirteen-year-old's statement. *Id.* ¶ 14. We assumed that the court should consider the Subsection E factors when deciding whether to admit a statement to a law enforcement officer into evidence against a thirteen-year-old child. *Id.* ¶ 6. In construing the legislative intent, however, we held that the rebuttable presumption of Subsection F was broader than the specific requirements of Subsection E. *Id.* ¶¶ 10, 11. Therefore, even though the children's court did not make specific findings concerning each of the Subsection E factors, it could determine that the presumption of Subsection F based exclusively on the child's age had not been rebutted. *Id.* ¶ 12. In this regard, the children's court's finding "that the child had only recently turned thirteen and was no more mature or intelligent than average" was relevant to its conclusion that the child was entitled to a heightened protection because of her age and that the state had not overcome the rebuttable presumption based on the child's age. *Id.*

*Use of Section 32A–2–14*

{6} The children's court in this case made findings as to each of the Subsection E factors, considering Child's age and education and the circumstances relating to Child's giving of the statements. The children's court further found that Child "is not more intelligent and mature than the average thirteen or fourteen year old." It concluded that to overcome the rebuttable presumption of Subsection F, "the State must prove that the child is more intelligent and mature than the average thirteen or fourteen year old." The children's court did not misapply Section 32A–2–14 and *In re Francesca L.*

{7} The State has the burden of proving that a child's statement to a law enforcement officer was knowingly, intelligently, and voluntarily made. Section 32A–2–14(D). The Subsection E factors enable the children's court to make a determination that a child has knowingly, intelligently, and voluntarily waived the child's rights. If the child is thirteen or fourteen years of age, the State must rebut the presumption that the child's statement is inadmissible. Section 32A–2–14(F). To admit a statement given to a law enforcement officer, as in this case, the court must conclude that the thirteen- or fourteen-year-old child had the ability to waive the child's rights in a knowing, intelligent, and voluntary manner as required by Section 32A–2–14(D). To determine that a thirteen- or fourteen-year-old child has this ability, the court may consider any relevant evidence before it. *See* Section 32A–2–2(A) (stating a purpose of Article II of the Code to be "consistent with the protection of the public interest, to remove from children committing delinquent acts the adult consequences of criminal behavior, but to still hold children committing delinquent acts accountable for

their actions to the extent of the child's age, education, mental and physical condition, background and all other relevant factors"); *State v. Jonathan M.,* 109 N.M. 789, 790, 791 P.2d 64, 65 (1990) (stating the necessity of construing prior version of Section 32A–2–14(F) in conjunction with the express legislative purposes of the Code).

■ {8} By establishing the rebuttable presumption of Subsection F, the Code stresses age in its effort to draw the line between children who are too young to waive their rights and those who are not. *See State v. Setser,* 1997–NMSC–004, ¶ 15, 122 N.M. 794, 932 P.2d 484; *In re Francesca L.,* 2000–NMCA–019, ¶ 12, 128 N.M. 673, 997 P.2d 147. In doing so, it adopts expectations of a child's maturity and development based upon age. The presumption is rebuttable because other factors particular to an individual child bear upon the child's ability to give a knowing, intelligent, and voluntary waiver of rights. Thus, the children's court may consider the personal traits of a child, such as the child's background, maturity, intelligence, ability to understand and react to new situations, and other relevant personal factors in making its determination of whether the child differs from the expectations adopted in the presumption and is capable of and has made a knowing, intelligent, and voluntary waiver of rights. *See Key v. Chrysler Motors Corp.,* 121 N.M. 764, 768–69, 918 P.2d 350, 354–55 (1996) ("In interpreting statutes, we seek to give effect to the Legislature's intent, and in determining intent we look to the language used and consider the statute's history and background.").

{9} Given this structure and intent of the Code, how should the children's court apply Section 32A–2–14 with regard to the statement of a thirteen- or fourteen-year-old to a law enforcement officer? The rebuttable presumption of Subsection F precludes the admission of a statement if the State does not rebut the presumption by distinguishing the child's ability to waive the child's rights from what would be expected of a child thirteen or fourteen years old. Aside from age and education, the Subsection E factors are not the focus of this determination. These factors are circumstantial considerations that bear upon whether a waiver was knowing, intelligent, and voluntary. They are the same factors the court uses to decide if there has been a waiver when there is no rebuttable presumption.

■ {10} As we stated in *In re Francesca L.,* we must assume that the legislature intended the rebuttable presumption of Subsection F to have independent meaning. *Id.* ¶ 10. Subsection F provides a heightened protection to children under fifteen years of age. *Id.* ¶ 12. The heightened protection contemplates that the children's court first determine whether a thirteen- or fourteen-year-old child who has made a statement or confession to a law enforcement officer is capable of a knowing, intelligent, and voluntary waiver before deciding the admissibility of the child's statement using the Subsection E factors. The court makes its threshold determination by matching the child's ability to grant a knowing, intelligent, and voluntary waiver to the age-appropriate expectations contained in the rebuttable presumption. Although an analysis of the circumstances may assist the children's court in understanding the child's personal traits, such analysis is secondary to, and does not substitute for, an analysis of the child's personal traits. If the court is not satisfied that the rebuttable presumption has been overcome based on the personal traits of the child, the court's inquiry is complete. *See id.* ¶¶ 11–12. To the extent that *In re Francesca L.* states to the contrary, it is overruled. *See id.* ¶ 12 ("To be sure, each of the enumerated factors of Subsection E is relevant to the children's court's determination of admissibility under Subsection F.").

{11} In this case, the State had the burden to prove that Child had a greater ability to give a knowing, intelligent, and voluntary waiver than the average thirteen- or fourteen-year-old. The children's court analyzed this burden by focusing on Child's maturity and intelligence, concluding that the State did not meet its burden because Child was no more mature or intelligent than would be expected for his age. The children's court properly applied Section 32A–2–14 in reaching its conclusion.

*Conclusion*

{12} We affirm the order of the children's court granting Child's motion to suppress.

{13} **IT IS SO ORDERED.**

I CONCUR: CELIA FOY CASTILLO, Judge.

A. JOSEPH ALARID, Judge (specially concurring).

ALARID, Judge (specially concurring).

{14} I concur in the result and most of the analysis therein and write separately in this special concurrence to emphasize what I believe is a key difference between sections E & F of § 32A-2-14.

{15} In *Francesca L.*, we recognized that Subsection 32A-2-14(F) is not a mere restatement of the minimum constitutional requirements for the admission of a child's confession. We held that Subsection 32A-2-14(F) gives "heightened protection" to thirteen-and fourteen-year olds. *Francesca L.*, 2000-NMCA-019, ¶ 12, 128 N.M. 673, 997 P.2d 147. We did not describe the nature of this heightened protection nor did we explain the nature of the showing the State must make to rebut the presumption of inadmissibility.

{16} Significantly, the Legislature did not expressly limit Subsection 32A-2-14(F) to statements to law enforcement personnel or other individuals gathering information on behalf of the State. Although law enforcement officials clearly can be persons in a position of authority, the phrase "person in a position of authority" is broad enough to include, for example, parents, other adult relatives, employers, private security guards or teachers. *Cf.* NMSA 1978, § 30-9-10(E)(1975, as amended through 1979) (defining "position of authority" in context of sexual offenses against children).

{17} Because I am convinced that Subsection 32A-2-14(F) applies both to state actors and private persons, I consider it unhelpful to emphasize rights/waiver terminology in describing the showing required to overcome Subsection 32A-2-14(F)'s rebuttable presumption of inadmissibility. The majority opinion states that the test for admissibility under Subsection 32A-2-14(F) is "[whether] the thirteen- or fourteen-year-old child had the ability to waive the child's rights in a knowing, intelligent, and voluntary manner." Opinion at ¶ 7. Use of this standard, which governs the waiver of constitutional rights, undercuts the effort begun in *Francesca L.* to distinguish Subsections 32A-2-14(C) through (E), which codify standards for determining the validity of a waiver of constitutional rights, from Subsection 32A-2-14(F), which applies to statements to any adult in a position of authority, regardless of whether the adult is acting on behalf of the State. *See* 2 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 6.10(b) (1984) (observing that "[b]ecause ... state action is a prerequisite to application of constitutional protections, it is clear that *Miranda* does not govern interrogation by private citizens acting on their own"); *Rutledge v. State*, 651 So.2d 1141, 1144 (Ala.Crim.App.1994) (upholding confession extracted by conduct of child's mother in striking child "up side the head" on grounds that physical abuse was inflicted by parent, not police). Although the present case involves statements to law enforcement officers, Subsection 32A-2-14(F) is not limited to state actors. By way of example, Subsection 32A-2-14(F) would govern the admissibility of a confession made to a child's parents-a situation where rights/waiver terminology is inapplicable. Our goal should be to craft a standard for rebutting the presumption of inadmissibility that can be applied uniformly both to state actors and to private actors.

{18} As our Supreme Court itself has noted,

It is a matter of common knowledge that the stage at which physical and mental maturity is reached varies with the individual and is dependent on many factors. It cannot be determined with mathematical accuracy, but it is universally recognized that it is not reached at the age of thirteen. Until a minor has reached the stage or maturity of showing him to be capable of using the judgment of a reasonably prudent adult, his conduct is not to be measured by the same standard as that of a matured person.

*Thompson v. Anderman,* 59 N.M. 400, 414, 285 P.2d 507, 515–16 (1955).

{19} Our Supreme Court's observation about "common knowledge" is supported by recent research concluding that "juveniles aged 15 and younger are significantly more likely than older adolescents and young adults to be impaired in ways that compromise their ability to serve as competent defendants in a criminal proceeding." Thomas Grisso *et al., Juveniles' Competence to Stand Trial: A Comparison of Adolescents' and Adults' Capacities as Trial Defendants* at 29 (publication forthcoming in Law and Hum. Behav.; currently available online at www.mac-adoldev-juvjustice.org).

{20} Subsection 32A–2–14(F) proceeds on two assumptions: first that children fifteen years or older are closer to adults in their intellectual and emotional development; and second, that thirteen- and fourteen-years-olds are closer to young children in their intellectual and emotional development. Consequently, thirteen-and fourteen-year-olds as a class are presumed to be less capable of understanding and protecting their legal interests than are older children and adults. As a consequence of their immaturity, younger children necessarily rely on adults for assistance and advice on legal matters. Because statements to most adults are not otherwise privileged, *see* Rules 11–501 through 11–509 NMRA 2003, without the heightened protection Subsection 32A–2–14(F) affords younger children, the very act of confiding in a parent of or consulting a non-lawyer adult for advice could result in a de facto waiver of the child's privilege against self-incrimination, *see* Rule 11–511 NMRA 2003.

{21} The ultimate goal of Subsection 32A–2–14(F) is to "encourage[ ] children to freely converse with adults without fear that their statements will be used against them at a later date." *State v. Jonathan M.,* 109 N.M. 789, 791, 791 P.2d 64, 66 (1990). This goal should inform our analysis of what the State must demonstrate to overcome the presumption of inadmissibility. I would hold that to overcome the rebuttable presumption of inadmissibility created by Subsection 32A–2–14(F), the State must demonstrate that under the totality of the circumstances, including the particular child's intelligence, emotional maturity, experience, knowledge, and legal sophistication (1) the child had an appreciation of the potential adverse legal consequences of the statement corresponding to that of a "reasonably prudent adult" and (2) the statement was not the product of undue influence exercised by the person in the position of authority.

{22} I agree with Child that the State was put on notice by our decision in *Francesca L.*—decided well prior to the hearing in this case-that a child's maturity and intelligence were factors to be considered in determining whether the State had rebutted Subsection 32A–2–14(F)'s presumption of inadmissibility. In view of the trial court's finding that Child "is not more intelligent and mature than the average thirteen or fourteen-year-old," the trial court did not abuse its discretion in concluding that the State failed to rebut the presumption of inadmissibility.