This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 32,618**

**STEVEN AYERS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**William A. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}    Defendant, Steven Ayers, appeals from his conviction for second degree murder. [RP 185] We issued a notice proposing to summarily affirm. Defendant filed a memorandum in opposition and a motion to amend the docketing statement. He continues to argue that the district court erred by (1) denying his motion to dismiss for speedy trial violation; (2) finding that his confession was voluntary; and (3) allowing the State to show multiple photographs of the victim at trial. We remain unpersuaded by Defendant's arguments. In addition, we conclude that the new argument Defendant seeks to raise—that the district court erred in sentencing him as an adult—is without merit. We thus deny Defendant's motion to amend and affirm his conviction.

**BACKGROUND**

{2}    On August 7, 2009, Defendant, fifteen years old at the time, beat Fermin Lucero. [RP 27, 72, 80] He was arrested that same day and taken to the Los Lunas Police Department for questioning. [MIO 1] Defendant signed a written waiver of his rights. [MIO 1] He was then questioned by police and confessed to beating Lucero. [RP 121, ¶ 8] On August 28, 2009, Lucero died from the injuries he sustained in the beating. [RP 28] Defendant was charged by a consolidated grand jury indictment with four counts: (1) first degree murder or, in the alternative, felony murder; (2) aggravated battery; (3) bribery of a witness (retaliation – bodily injury); and (4) bribery of a witness (threats) (false testimony). [RP 15-16, 31] Prior to trial,

2

the State dismissed Counts 2 and 3 and the alternative to Count 1. [RP 128] Defendant was arraigned on September 29, 2009. [RP 113, ¶ 11]

{3}     Defendant turned eighteen on October 1, 2011, and was transferred from the Juvenile Detention Center in Albuquerque to the Valencia County Detention Center. [MIO 3] On November 10, 2011, Defendant filed a motion to dismiss with prejudice based on speedy trial and *Brady* violations. [RP 112]  The district court denied Defendant's motion. A jury trial began on November 30, 2011. [MIO 4]  The jury found Defendant guilty of second degree murder. [RP 161]  On June 5, 2012, the district court held an amenability hearing and concluded that Defendant should be sentenced as an adult. [MIO 5]  On September 25, 2012, the district court sentenced Defendant to the maximum sentence of fifteen years imprisonment, with credit for time served. [MIO 5, RP 185-86]

**DISCUSSION**

{4}     Defendant raised three issues in his docketing statement. He now seeks to amend the docketing statement to add the issue of whether the district court abused its discretion in sentencing him as an adult. [MIO 5] We will address this issue first and then the remaining issues in turn.

**A.     Amenability Hearing**

{5}     Defendant seeks to amend his docketing statement to argue that the amenability hearing held in the district court violated the Delinquency Act and Defendant's

3

constitutional right to due process because the district court's decision to sentence him as an adult was not supported by substantial evidence. [MIO 9]

{6} The Delinquency Act provides, in pertinent part, that "[t]he court has the discretion to invoke either an adult sentence or juvenile sanctions on a youthful offender." NMSA 1978, § 32A-2-20(A) (2009). In order to invoke an adult sentence, a court must make the following findings: "(1) the child is not amenable to treatment or rehabilitation as a child in available facilities; and (2) the child is not eligible for commitment to an institution for children with developmental disabilities or mental disorders." Section 32A-2-20(B). In determining whether an adult sentence is warranted, the judge shall consider the following factors:

(1) the seriousness of the alleged offense;

(2) whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;

(3) whether a firearm was used to commit the alleged offense;

(4) whether the alleged offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted;

(5) the maturity of the child as determined by consideration of the child's home, environmental situation, social and emotional health, pattern of living, brain development, trauma history and disability;

(6) the record and previous history of the child;

4

> (7) the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child by the use of procedures, services and facilities currently available; and
>
> (8) any other relevant factor, provided that factor is stated on the record.

Section 32A-2-20(C); *see State v. Jones*, 2010-NMSC-012, ¶ 15, 148 N.M. 1, 229 P.3d 474 (discussing the requirements of the Delinquency Act).

{7} The district court found Defendant was not amenable to treatment as a juvenile and explained its ruling as follows:

> This is a very close call as far as amenability is concerned. I've kind of gone back and forth on this. Weighing all factors, the seriousness of the offense, the willfulness exhibited by [D]efendant in this matter, his previous record, and the prospects of having [Defendant] rehabilitated in the next two and a half years doesn't seem to be–[there] doesn't seem to be a very good prospect for that. So the [c]ourt's going to find that he is not amenable to treatment as a child in available facilities.

[MIO 13] Defendant contends the district court's decision constitutes an abuse of discretion. [MIO 10] He points out that the amenability hearing lasted less than thirty minutes, and the only witness who testified was a juvenile probation officer. [MIO 10, 14] This witness recommended that Defendant be sentenced as an adult because the State would "lose all responsibilities [over] him" after he reached the age of twenty-one. [MIO 11] Defense counsel requested that Defendant be sentenced as a juvenile and noted that a doctor who had examined Defendant concluded he would be amenable to treatment. [MIO 11]

{8} While Defendant's situation is troublesome, it is not unique. This Court has

previously noted that New Mexico desperately needs a legislative solution to the sentencing gaps created by the Delinquency Act and the criminal justice system. *See State v. Ira*, 2002-NMCA-037, ¶¶ 25-32, 132 N.M. 8, 43 P.3d 359 (urging the Legislature to consider sentencing alternatives for juveniles and providing examples of approaches used in other jurisdictions). Our Supreme Court has also recognized this problem. In *Jones*, our Court explained:

> As a [consequence of our current system], the accused may receive an adult sentence for an act that was committed at an age when the accused may have lacked the ability to appreciate the gravity or consequences of his actions. Thus, the child loses any meaningful chance at treatment or rehabilitation on the one hand, *and* gets punished for an act potentially lacking the culpability required for an adult sentence. Such a result does not accomplish the ends of either the juvenile or adult justice systems. We urge the Legislature and any other interested groups to address this issue.

2010-NMSC-012, ¶ 58 (citation omitted). As these cases reflect, the fact that the district court considered the length of time that Defendant could be rehabilitated in the juvenile system does not indicate legal error.

{9} The record reflects that the district court considered all of the evidence presented to it and weighed all of the statutory factors. In addition, the district court heard the evidence presented at trial and was familiar with the facts and circumstances surrounding Defendant's commission of the offense (second degree murder). We perceive no abuse of discretion in its ruling. And because we conclude that this issue is not viable, we deny Defendant's motion to amend. *See* Rule 12-208(F) NMRA

6

("The Court of Appeals may, upon good cause shown, allow the amendment of the docketing statement."); *see also State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989) (discussing standard for motion to amend), *superceded by statute on other grounds as recognized in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

**B.     Speedy Trial**

{10}     Defendant continues to argue that the district court erred in denying his motion to dismiss for violation of his right to a speedy trial.  In our notice, we recognized that Defendant's pre-trial incarceration of twenty-seven months was presumptively prejudicial and thus considered (1) the length of delay, (2) the reasons for the delay, (3) the defendant's assertion of his right, and (4) the actual prejudice to the defendant. *See State v. Fierro*, 2012-NMCA-054, ¶ 33, 278 P.3d 541.  In his memorandum in opposition, Defendant focuses his argument on the fourth factor—actual prejudice.

{11}     Defendant committed the crime when he was fifteen years old, and he argues that if his trial had been held earlier, the district court would have been more likely to sentence him as a juvenile instead of an adult.  He argues that "[f]acing a sentence of fifteen years in adult prison, rather than commitment to a treatment facility, may be the most extreme example of prejudice that can exist in a speedy trial question." [MIO 19] While we agree in theory, there is absolutely no evidence in the record that the district court would have sentenced Defendant as a juvenile if he had been

7

convicted at a younger age. We note that the district court imposed the maximum sentence on Defendant, which reflects that the district court believed a severe punishment was warranted. We will not speculate as to whether Defendant's sentence would have been any different if he had been tried earlier. Thus, for the reasons explained in our notice, we conclude that the district court did not err in denying Defendant's motion to dismiss.

**C.  Defendant's Confession**

{12}  Defendant continues to argue that the district court erred in denying his motion to suppress because there was insufficient evidence that he "fully comprehended his rights when he signed the [written] waiver [of rights]." [MIO 24] We review de novo whether a defendant's incriminating statements were voluntary. *See State v. Cooper*, 1997-NMSC-058, ¶ 25, 124 N.M. 277, 949 P.2d 660.

{13}  Defendant claims that the officers who questioned him violated the Delinquency Act because they did not allow him to speak to his parents and did not allow his parents to be present when he was questioned. [MIO 25] This is not a violation of the Delinquency Act. The Delinquency Act requires that, in order for a child's statement or confession to be admissible, "the [S]tate shall prove that the statement or confession . . . was elicited only after a knowing, intelligent and voluntary waiver of the child's constitutional rights was obtained." NMSA 1978, § 32A-2-14(D) (2009). Pursuant to the Delinquency Act, courts must consider eight

8

factors in determining whether a child's waiver of rights is knowing, intelligent and voluntary, including "whether the [child] had the counsel of an attorney, friends or relatives at the time of being questioned." Section 32A-2-14(E); *State v. Adam J.*, 2003-NMCA-080, ¶ 3, 133 N.M. 815, 70 P.3d 805 (discussing these requirements). Contrary to Defendant's argument, neither this factor, nor any other factor, is dispositive. In other words, the fact that Defendant did not have the counsel of an attorney, friends or relatives at the time he was questioned does not mean that his confession was not knowing, intelligent, or voluntary. Based on our review of the parties' arguments below and on appeal, we continue to believe that the district court correctly concluded that, under the totality of the circumstances, Defendant's confession was knowing, intelligent, and voluntary. We thus affirm the district court's denial of Defendant's motion to suppress.

**D.     Admission of Victim Photographs**

{14}     Defendant continues to argue that the district court erred in allowing the State to show multiple photographs of the victim at trial because the photographs were more prejudicial than probative. [MIO 26] As we stated in our notice, "[w]e review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. We perceive no clear abuse in this case.

9

**{15}** In *State v. Bahney*, we found no abuse of discretion in the district court's admission of forty crime scene photographs over the defendant's objection. 2012-NMCA-039, ¶¶ 44, 47, 274 P.3d 134. We explained that "[g]raphic photographs of the injuries suffered by deceased victims of crime are by their nature significantly prejudicial, but that fact alone does not establish that they are impermissibly so." *Id.* ¶ 43. We recognized that photographs "are often more accurate than any description by words, and give a clearer comprehension of the physical facts than can be obtained from the testimony of witnesses." *Id.* (internal quotation marks omitted). We find this reasoning to be equally applicable here, and note, as we did in our notice, that "we are unaware of any case that has reversed a conviction due to allegedly inflammatory photographs." *State v. Pettigrew*, 116 N.M. 135, 139, 860 P.2d 777, 781 (Ct. App. 1993).

**CONCLUSION**

**{16}** For the reasons discussed above and in our previous notice, we deny Defendant's motion to amend the docketing statement and affirm his conviction.

**{17}** **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

10

_____

**CYNTHIA A. FRY, Judge**


_____

**M. MONICA ZAMORA, Judge**