**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2020-NMCA-048**

**Filing Date: August 12, 2020**

**No. A-1-CA-38448**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CESAR B.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Judge**

Released for Publication November 24, 2020.

Hector H. Balderas, Attorney General
Anne Minard, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
B. Douglas Wood, III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**BOGARDUS, Judge.**

**{1}** We withdraw the opinion filed June 8, 2020, and substitute this opinion in its place.

**{2}** Child appeals from a conditional plea agreement, wherein he pled no contest to the delinquent act of unlawful carrying of a deadly weapon on school premises, contrary to NMSA 1978, Section 30-7-2.1 (1994) and NMSA 1978, Section 32A-2-3(A) (2009, amended 2019). Child entered into the agreement following the district court's partial

denial of his motion to suppress certain statements he made to the assistant principal at his school. Child argues that the district court's partial denial of his motion to suppress was based on an erroneous interpretation of NMSA 1978, Section 32A-2-14(F) (2009), a provision of the Delinquency Act, NMSA 1978, §§ 32A-2-1 to -33 (1993, as amended through 2019). Child further argues that if this Court concludes that his statements are presumptively inadmissible under Section 32A-2-14(F), we should also conclude that the State has failed to rebut that presumption. We agree with Child that the district court's partial denial of his motion to suppress was based on an erroneous interpretation of Section 32A-2-14(F) and reverse on that basis. However, because the district court did not determine whether the State rebutted the presumptive inadmissibility of Child's statements under Section 32A-2-14(F), we leave that question for the district court to answer on remand.

## BACKGROUND

**{3}** No evidence was presented at the hearing on Child's motion to suppress. The parties and the district court, however, relied on the following stipulated facts when arguing and deciding the motion.

**{4}** Child, a thirteen-year-old middle school student, showed a knife to a classmate on school grounds. Another student witnessed this and reported what she saw. Child was called into the assistant principal's office, and the assistant principal questioned him. Child admitted he had brought the knife to school. The assistant principal relayed what she learned to the school's resource officer. The officer also questioned Child and elicited incriminating statements about the knife.

**{5}** The State subsequently filed a petition alleging that Child committed the delinquent act of unlawfully carrying a deadly weapon on school premises. Child moved to suppress his statements to school officials and to the school resource officer. Following a hearing on Child's motion, the district court entered an order granting the suppression of Child's statement to the officer but otherwise denied the motion. Child then entered into a conditional plea and dispositional agreement, reserving his right to appeal the district court's partial denial of his motion to suppress. This appeal followed.

## DISCUSSION

**{6}** Following our opinion dismissing Child's appeal on mootness grounds, Child filed a timely motion for rehearing. Having granted Child's motion and after full consideration of the briefing submitted by the parties, we are persuaded that we should review this case—even if it is moot—as it presents an issue of substantial interest and that is also capable of repetition yet evading review. *See Gunaji v. Macias*, 2001-NMSC-028, ¶ 10, 130 N.M. 734, 31 P.3d 1008 ("[Appellate courts] may review moot cases that present issues of substantial public interest or which are capable of repetition yet evade review."); *State v. Jones*, 1998-NMCA-076, ¶ 15, 125 N.M. 556, 964 P.2d 117 ("In determining whether the requisite degree of public interest exists to prevent dismissal on mootness grounds, we consider among other factors . . . the desirability of an

authoritative determination for future guidance of public officers[] and the likelihood that the question will recur in the future."); *cf. State v. Sergio B.*, 2002-NMCA-070, ¶ 11, 132 N.M. 375, 48 P.3d 764 (noting that the short-term commitments involved in many children's court cases would allow issues to evade review unless appellate courts invoked the exception to the general rule that they should not decide moot cases). Accordingly, we withdraw our previous opinion and address the merits of Child's appeal.

**{7}** This case requires us to determine whether Child's statements, made when he was thirteen years old, to   the assistant principal of his school are presumptively inadmissible under Section 32A-2-14(F).[1] Because this determination requires us to interpret Section 32A-2-14(F), our review is de novo. *State v. Jade G.*, 2007-NMSC-010, ¶ 15, 141 N.M. 284, 154 P.3d 659. "When interpreting Section 32A-2-14(F), we seek to give effect to the Legislature's intent." *Jade G.*, 2007-NMSC-010, ¶ 15. "In discerning legislative intent, we look first to the language used and the plain meaning of that language." *State v. Trujillo*, 2009-NMSC-012, ¶ 11, 146 N.M. 14, 206 P.3d 125. "However, we look not only to the language used in the statute[] but also to the purpose to be achieved and the wrong to be remedied." *State v. DeAngelo M.*, 2015-NMSC-033, ¶ 7, 360 P.3d 1151 (internal quotation marks and citation omitted). "In doing so, we examine the plain language of the statute as well as the context in which it was promulgated, including the history of the statute and the object and purpose the Legislature sought to accomplish." *Id.* (internal quotation marks and citation omitted).

## I.     Child's Statements to the Assistant Principal Are Presumptively Inadmissible Under Section 32A-2-14(F)

**{8}** "The Children's Code . . . provides a child greater protections than those constitutionally afforded adults with regard to the admissibility of a child's statements or confessions." *State v. Adam J.*, 2003-NMCA-080, ¶ 3, 133 N.M. 815, 70 P.3d 805. In line with those greater protections, Section 32A-2-14(F) establishes "a rebuttable presumption that any confessions, statements or admissions made by a child thirteen or fourteen years old to a person in a position of authority are inadmissible." Whether Child's statements to the assistant principal are entitled to this presumption of inadmissibility turns on whether our Legislature intended assistant principals to be included as persons in a "position of authority."

**{9}** Our Legislature has not defined "position of authority" within the Delinquency Act or, more broadly, the Children's Code. Acknowledging as much, Child urges this Court to adopt the definition of "position of authority" contained in NMSA 1978, Section 30-9-10(E) (2005). There, our Legislature defined "position of authority" as "that position occupied by a parent, relative, household member, teacher, employer or other person

---

1On appeal, Child's suppression arguments concern only the statements Child made to the assistant principal. This appears to be a limitation on the relief requested by Child at the district court, where Child sought suppression of "any and all statements [he made] to all school officials[.]" However, based on the limited record before us, we are unable to tell if this is a meaningful limitation—that is, we do not know whether Child made any statements to any school officials other than the assistant principal. Nevertheless, because Child's appellate arguments concern only his statements to the assistant principal, we limit our analysis accordingly.

who, by reason of that position, is able to exercise undue influence over a child." *Id.*; *see Adam J.*, 2003-NMCA-080, ¶ 16 (Alarid, J., specially concurring) (citing Section 30-9-10(E) when suggesting that "position of authority" as used in Section 32A-2-14(F) "is broad enough to include . . . parents, other adult relatives, employers, private security guards or teachers"). Child acknowledges that our Legislature specifically limited the definition in Section 30-9-10(E) to the uses of that phrase within Sections 30-9-10 through -16, which criminalize sexual offenses against children. Nevertheless, Child argues that the definition is applicable here because, like the statutes criminalizing sexual offenses against children, Section 32A-2-14(F)'s objective is to "protect[] children from the coercive effects of adults in positions of authority seeking to take advantage of the immaturity and inexperience of a child."

**{10}**    Although Child urges us to adopt the broad definition of "position of authority" found in Section 30-9-10(E), we again note that this appeal involves only statements made to an assistant principal. We therefore need not, and do not, address whether parents, relatives, household members, and employers, among others, are persons in positions of authority under Section 32A-2-14(F). Addressing only the factual scenario presented here, we conclude that our Legislature intended assistant principals to be included as persons in a "position of authority." We explain.

**{11}**    As the State points out, our relevant existing case law discussing Section 32A-2-14(F) involves statements made by thirteen- and fourteen-year-old children to law enforcement. *See, e.g.*, *DeAngelo M.*, 2015-NMSC-033, ¶ 1 (involving a thirteen-year-old's statements to three law enforcement officers during a custodial interrogation); *Adam J.*, 2003-NMCA-080, ¶ 2 (involving a thirteen-year-old's statement to a law enforcement officer). Based on this, the State argues that expanding Section 32A-2-14(F)'s protections beyond law enforcement would be absurd. However, the State cites no authority indicating that the factual limitations of the cases presented to New Mexico's appellate courts are suggestive of legislative intent. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). Further, contrary to the State's position, the plain language used by our Legislature in Section 32A-2-14(F) does not limit the presumptive inadmissibility to confessions, statements, or admissions made to law enforcement by thirteen- and fourteen-year-old children. Instead, it expressly applies to all "person[s] in a position of authority." Section 32A-2-14(F). If the Legislature intended the limitation the State advances, it certainly could have drafted the statute accordingly. *Cf. State v. Lopez*, 2011-NMCA-071, ¶ 12, 150 N.M. 34, 256 P.3d 977 ("If the Legislature had intended great bodily harm to be a necessary element of the underlying felony before criminal commitment can be imposed, the Legislature could have drafted the statute using such language."). And this Court previously has recognized—at least implicitly—that the meaning of "a person in a position of authority" is not limited to law enforcement officers, but includes them. *See Adam J.*, 2003-NMCA-080, ¶ 3 (discussing how the term "a person in a position of authority . . . would *include* a law enforcement officer" (emphasis added) (internal quotation marks and citation omitted).

**{12}** Just as the language of the statute does not limit persons in a position of authority to law enforcement, the recognized goal of the statute furthers our belief that our Legislature did not intend to so limit the presumptive inadmissibility under Section 32A-2-14(F). Our Supreme Court has recognized that Section 32A-2-14(F) has a "goal of encouraging free communication between children and adults." *Jade G.*, 2007-NMSC-010, ¶ 19. We must then ask whether it would further that goal of free communication to include assistant principals as persons "in a position of authority." *See Lopez v. Emp't Sec. Div.*, 1990-NMSC-102, ¶ 7, 111 N.M. 104, 802 P.2d 9 (stating "that statutes are to be interpreted in order to facilitate their operation and the achievement of their goals"). We believe that it would.

**{13}** New Mexico has "recognize[d] the value of preserving the informality of the student-teacher relationship." *State v. Antonio T.*, 2015-NMSC-019, ¶ 24, 352 P.3d 1172 (emphasis, internal quotation marks, and citation omitted). This is "[b]ecause maintaining security and order in schools requires a certain degree of flexibility in school disciplinary procedures[.]" *Id.* (omission, internal quotation marks, and citation omitted). In furtherance of school security and order, we do not question that an assistant principal should be able to compel answers from a thirteen- or fourteen-year-old child for the purposes of school discipline. *See id.* (stating that the principal "was entitled to act on her suspicion and compel answers from [the child] for the purposes of school discipline"). However, when the state then seeks to use those same answers in a criminal proceeding, our Legislature has provided additional safeguards for the thirteen- or fourteen-year-old child—the rebuttable presumption of inadmissibility under Section 32A-2-14(F). *See Antonio T.*, 2015-NMSC-019, ¶ 24 (acknowledging that certain school disciplinary violations can also lead to an adjudication of delinquency).

**{14}** For these reasons, we hold that assistant principals are included as "person[s] in a position of authority" under Section 32A-2-14(F). As such, the district court erred by not concluding that Child's statements to the assistant principal were presumptively inadmissible under Section 32A-2-14(F).

## II. The District Court Shall Determine Whether the State Can Overcome the Presumption of Inadmissibility on Remand

**{15}** Having concluded that the district court erred by not applying Section 32A-2-14(F)'s presumptive inadmissibility to Child's statements to the assistant principal, the next question is whether the State has overcome that presumption. Child argues that the State has failed to rebut the presumption and invites us to so hold. We decline this invitation.

**{16}** At the district court, the focus was not on whether the State could overcome the presumptive inadmissibility of Child's statements under Section 32A-2-14(F) but rather on the threshold question of whether that presumptive inadmissibility was even applicable in this case. When the district court concluded that it was not, the State necessarily did not need to put on rebuttal evidence as there was no presumption to rebut. Accordingly, because the State has not had the opportunity to put on rebuttal

evidence and because the district court has yet to rule on whether the State can overcome the presumptive inadmissibility under Section 32A-2-14(F), we remand for further proceedings to determine whether the State can overcome the presumption.

**{17}**   Recognizing the need to provide guidance to the district court as it makes that determination, we turn to our Supreme Court's opinion in *DeAngelo M.* In that case, our Supreme Court held that

> Section 32A-2-14(F) requires the [s]tate to prove by clear and convincing evidence that at the time a thirteen- or fourteen-year-old child makes a statement, confession, or admission to a person in a position of authority, the child (1) was warned of his constitutional and statutory rights, and (2) knowingly, intelligently, and voluntarily waived each right.

*DeAngelo M.*, 2015-NMSC-033, ¶ 3. Regarding the second element, the state must establish by clear and convincing evidence that the child, at the time the statements were made, "had the maturity to understand his or her constitutional and statutory rights and the force of will to assert those rights." *Id.* ¶ 17. The district court on remand should apply these principles, as set out in *DeAngelo M.*, to determine whether the presumption has been rebutted.

**{18}**   Finally, we note that nothing in this opinion should be read as limiting the school's use of Child's statements in a school disciplinary proceeding because that question is not before us. *See Antonio T.*, 2015-NMSC-019, ¶ 24 (stating that "maintaining security and order in schools requires a certain degree of flexibility in school disciplinary procedures" (omission, internal quotation marks, and citation omitted)); *In re Doe*, 1975-NMCA-108, ¶ 29, 88 N.M. 347, 540 P.2d 827 (stating that in-school disciplinary matters, unlike criminal proceedings, do not require *Miranda* warnings).

## CONCLUSION

**{19}**   For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

**{20}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JENNIFER L. ATTREP, Judge**